CASE 15.—ACTION BY PATRICK FLAHERTY AGAINST THE ILLINOIS CENTRAL RAILROAD COMPANY.—June 17, 1910.

## Ill. Cent. R. R. Co. v. Flaherty.

Appeal from Henderson Circuit Court.

J. W. HENSON, Circuit Judge.

Judgment for plaintiff,   defendant appeals.—Affirmed.

1. Railroads—Persons on Track—Injuries—Care Required.—In cities and towns where the population is dense and a great many persons pass on a railroad's right of way, the railroad company is bound to operate its trains at a moderate rate of speed, and to give notice of their approach and keep a lookout, taking such precautions as circumstances require for proper security of life.

2. Railroads—Persons on Track—Trespassers—Injury—Negligence—Question for Jury.—In an action for injuries to a pedestrian walking at night on the side of defendant's railroad track in a city in a path largely used by pedestrians by being struck by a train approaching him from the rear, whether defendant was negligent was for the jury.

3. Trial—Instructions—Refusal of Requests.—It is not error to refuse a request to charge covered by instructions given.

TRABUE, DOOLAN & COX, C. L. SILVEY, JOHN L. DORSEY, JOHN C. WORSHAM and BLEWETT LEE for appellant.

CLAY & CLAY for appellee.

OPINION OF THE COURT BY COMMISSIONER CLAY—
Affirming.

Appellee Patrick Flaherty, was struck and injured
by one of appellant's trains. He brought this action
against appellant to recover damages for his injuries.
A trial resulted in a verdict and judgment in favor
of appellee for the sum of $1,600. To reverse this
judgment this appeal is prosecuted.

Appellee was employed as parkkeeper for the city
of Henderson. On April 20, 1908, after he had finish-
ed his regular duties for the day, he went to the
corner of Second and Clark streets to do some special
work for a Mr. Amiet. He left there about 8:30
o'clock p. m., for the purpose of going to his home,
which was located on Fifth street. In going home
it was his custom to go by way of the Union Station.
After passing through the Union Station, he proceed-
ed along the granitoid walk under the train shed.
This walk runs from the station proper about 200
feet. From there to where the Illinois Central track
on which appellee was injured leaves the depot track
the distance is about 200 feet. From that point to the
place of the injury the distance is about 200 feet
further. After reaching the end of the granitoid
walk, appellee proceeded on the left side of the track
to where it turns to go over the bridge. There he
crossed over to the left side of the track. After
crossing the track he stopped, looked back, and lis-
tened, and then stepped off the track and got into a
path on the right-hand side of the track next to the
Waller mill. While walking along the pathway near
this track, he was struck by a train approaching from
the rear. This train was composed of an engine and
four or five cars. The engine was pushing the cars

towards Fifth street. Thus the cars were between appellee and the engine. Appellee was struck by the front car. It was a dark night, and no lights were burning in the vicinity. The evidence for appellee was to the effect that no lookout was kept and no warning given of the approach of the train. The evidence for appellant is to the effect that at the time of the injury the bell on the engine was being rung, and there were two men on the front car. One of these men was not keeping a lookout, and the evidence is conflicting as to whether the other was keeping a lookout. Appellee was struck in the side of the head and knocked down. One of his feet was cut off and some of his ribs were broken.

On each side of the track on which appellee was injured is a customary pathway used by the employes of Waller's mill and the Henderson Elevator Company and by others in going to and from their homes on Fifth street. This pathway had been used for seven or eight years. In the daytime it was used by large numbers of persons. The evidence does not show that so many persons used the pathway in question after dark; but there can be no doubt of the fact that the evidence was sufficient to justify the submission of this question to the jury, especially in view of the fact that a number of appellant's employes testified, and they were not asked concerning the customary use of the pathway in question. Appellant contends that it was entitled to the exclusive use of its yards, and that appellee was simply a trespasser, to whom it owed no duty except to use ordinary care to avoid injuring him after his peril was discovered. In support of this position, appellant cites a number of cases. The doctrine of the cases relied on has, however, been modified by the more

recent decisions of this court. In cities and towns where the population is dense, and from the number of persons passing the danger to life is great, it is the duty of those operating railroad trains to moderate the speed of the trains, to give notice of their approach, to keep a lookout, and to take such precautions as the circumstances demand for the proper security of human life. Louisville & Nashville Railroad Co. v. McNary's Adm'r, 128 Ky. 408, 108 S. W. 898, 32 Ky. Law Rep. 1266, 17 L. R. A. (N. S.) 224; Illinois Central R. R. Co. v. Murphy's Adm'r, 123 Ky. 787, 97 S. W. 729, 30 Ky. Law Rep. 93, 11 L. R. A. (N. S.) 352. Being of the opinion that the facts of this case bring it within the rule above laid down, we conclude that the court did not err in refusing appellant a peremptory instruction. Nor can we say that the finding of the jury is flagrantly against the evidence.

We deem it unnecessary to set out the instructions given by the court. They are practically the same as the instructions authorized by this court to be given in C., N. O. & T. P. Ry. Co. v. Hill's Adm'r, 89 S. W. 523, 28 Ky. Law Rep. 530. As the instructions given covered every phase of the case, it was not error to refuse instructions A and B, offered by appellant.

But appellant insists that it is entitled to a reversal because of the failure of the trial court to give an instruction to the effect that, if the jury believed the plaintiff was deaf or hard of hearing, then it was his duty to exercise great care and caution in the use of his remaining senses to avoid injury from defendant's train. It is very doubtful if the evidence of appellee's deafness was sufficient to authorize the giving of this instruction. Even if it was, we are

inclined to the opinion that, under the facts of this case, the error, if any, was not prejudicial to the substantial rights of appellant.

Judgment affirmed.